IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRSTLINE NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SECRET GARDEN LANDSCAPING, <br><br> Defendant. | HON. JEROME B. SIMANDLE <br><br> Civil No. 07-2591 (JBS/JS) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter comes before the Court on a motion to intervene, reopen, and vacate default judgment against Defendant Secret Garden Landscaping filed by HSJ Properties, LLC ("HSJ") [Docket Item 15]. The central issue is whether a default judgment entered against a defendant who had filed for bankruptcy protection may be vacated by this Court sua sponte because the judgment was void as a matter of law. THIS COURT FINDS AS FOLLOWS:

    1. On June 4, 2007, Plaintiff Firstline National Insurance Company ("Plaintiff") brought suit in this Court seeking a judgment declaring that Plaintiff had no duty to defend or indemnify Defendant Secret Garden Landscaping ("Defendant") in a state court action brought by HSJ against Defendant and requesting an order that Defendant reimburse Plaintiff for the costs of defense. (Compl. ¶¶ 43-73.) Defendant never entered an appearance in this action and never filed any responsive pleadings. On February 11, 2008, Plaintiff moved for default

judgment against Defendant [Docket Item 12] and on February 21, 2008, this Court entered default judgment against Defendant, declaring that Plaintiff had no duty to defend or indemnify Defendant in the HSJ state court action and further that Plaintiff could withdraw its defense of Defendant in the underlying action [Docket Item 14].  On December 22, 2008, HSJ filed the present motion to intervene, reopen and vacate the default judgment against Secret Garden [Docket Item 15].

2.  Meanwhile, on November 6, 2007, unbeknownst to this Court, Defendant filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Jersey.  <u>In re Secret Gardens Landscaping Inc.</u>, D.N.J. Bankr. Pet. No. 07-26349 (GMB).  Defendant's bankruptcy proceedings are ongoing.  Plaintiff never sought leave from the Bankruptcy Court to proceed with the present action.

3.  The Court learned of Defendant's bankruptcy proceedings through HSJ's motion to intervene, which included a copy of Defendant's Bankruptcy Court docket.  Plaintiff never informed the Court that Defendant had filed a petition for bankruptcy.  Plaintiff's counsel maintains that it did not receive notice of Defendant's bankruptcy proceedings from the Bankruptcy Court and further that Defendant did not inform this Court of the bankruptcy proceedings.  (Pl. Opp'n at 2.)  The Court will give Plaintiff the benefit of the doubt and assume from counsel's representations that Plaintiff did not know that Defendant was in

bankruptcy proceedings.

4.  Pursuant to 11 U.S.C. § 362(a), all judicial actions against a debtor that were commenced before the institution of bankruptcy proceedings are stayed.  The stay is automatic and "the onus is on the party seeking to proceed to petition the Bankruptcy Court for relief from a stay."  Acands, Inc. v. Travelers Cas. and Sur. Co., 435 F.3d 252, 259 (3d Cir. 2006).  "Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor."  Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir. 1991).  Consequently, once Defendant filed its bankruptcy petition the automatic stay went into effect and this Court lacked power to proceed in the present action.  See id. Moreover, any actions taken by the Court after Defendant filed its petition in November, 2007 were void ab initio.  See id. ("Absent relief from the stay, judicial actions and proceedings against the debtor are void ab initio.").

5.  The Court finds that the order for default judgment against Defendant was void and should be vacated pursuant to Rule 60(b)(4), Fed. R. Civ. P.  See Maritime Elec., 959 F.2d at 1206. A void judgment such as this one must be vacated -- the Court has no discretion in determining whether it should be set aside.  See United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000) (en banc) (holding that the entry of default

judgment without proper jurisdiction renders that judgment void, not merely voidable); <u>Covington Indus., Inc. v. Resintex A. G.</u>, 629 F.2d 730, 733 n.3 (2d Cir. 1980) ("Subsection four is unique . . . because relief is not discretionary and a meritorious defense is not necessary."). Moreover, the delay in vacating this judgment is of no matter, because "the passage of time [cannot] transmute this nullity into a binding judgment." <u>Foehl v. United States</u>, 238 F.3d 474, 480 (3d Cir. 2001) (citing <u>One Toshiba</u>, 213 F.3d at 157-58).

    6.  Plaintiff does not dispute that the Court's order for default judgment is void, but instead argues that HSP's motion to vacate default judgment is not properly before the Court because HSP has not been made a party to this action (and should not be made a party to this action).  Without addressing HSP's standing to bring the present motion to vacate default judgment or its motion to intervene, the Court will exercise its inherent power to <u>sua sponte</u> vacate a void judgment under Rule 60(b)(4).

    7.  In so doing, the Court recognizes that the Third Circuit has not directly addressed a court's power to vacate a judgment <u>sua sponte</u> under Rule 60(b).  The majority of circuits to have considered this question, however, have held that a court has discretion to grant such relief <u>sua sponte</u>.  <u>Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec</u>, 529 F.3d 371, 385 (7th Cir. 2008) (noting that majority of circuits held <u>sua sponte</u> relief permitted under Rule 60(b), but not deciding the

4

issue)(citing Pierson v. Dormire, 484 F.3d 486, 491-92 (8th Cir. 2007), vacated in part on rehearing on other grounds by 2008 WL 1946857 (8th Cir. 2008); Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1359 n. 1 (Fed. Cir. 2006); Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999); McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962); United States v. Jacobs, 298 F.2d 469, 472 (4th Cir. 1961)).  The two circuits to reject such a principle –- the Sixth and the Tenth –- have not been presented with a circumstance such as this one, where the Court is asked to leave in place a judgment that is indisputably void and entered without proper jurisdiction.  Whether a court has the general power to vacate a judgment sua sponte under Rule 60(b) need not be decided.  It is clear that a district court has the power, and probably the duty, to vacate a judgment that was void ab initio for lack of jurisdiction by operation of law as a corollary of the court's power to dismiss an action for lack of subject matter jurisdiction sua sponte, pursuant to Rule 12(h)(3), Fed. R. Civ. P.[1]  Such a judgment cannot stand.

---

[1] Further, due process has been served in this instance by notice to Plaintiff in this motion practice that its default judgment is void due to the 2007 bankruptcy filing and the uncontested fact that the debtor, Secret Garden Landscaping, was protected by the automatic stay provision of 11 U.S.C. § 362(a), supra, at the time when Plaintiff sought and obtained the default judgment against the debtor.

8.   Having determined that default judgment against Defendant is void and so vacated that default judgment, the Court will reopen the present action, but stay any further action consistent with 11 U.S.C. § 362(a).  The Court will dismiss HSJ's motions to reopen and vacate default judgment as moot.

9.   Because the Court has stayed any further action in the present proceeding, the Court will dismiss HSJ's motion to intervene without prejudice to refiling if Plaintiff receives leave from the Bankruptcy Court to proceed with the present action or when Defendant's bankruptcy proceedings have ended without discharge of Secret Gardens Landscaping's underlying liability to HSJ.  The Court will order Plaintiff to notify HSP if and when either circumstance occurs.

10.  The accompanying Order shall be entered reopening the docket, vacating default judgment against Defendant, staying the case pending relief from the automatic stay in bankruptcy, and dismissing HSJ's pending motion to intervene as moot.

**August 5, 2009**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             United States District Judge